**STATE FARM MUTUAL AUTO-MOBILE INSURANCE COMPANY,**

v.

**David HARRISON, Appellant.**

**No. 04–1386.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 27, 2005.

Decided Feb. 10, 2005.

84

Bruce S. Pancio, Palmer & Barr, Willow Grove, PA, for Appellee.

Thomas F. Sacchetta, Sacchetta & Baldino, Media, PA, for Appellant.

Before SCIRICA, Chief Judge, RENDELL and FISHER, Circuit Judges.

## OPINION OF THE COURT

FISHER, Circuit Judge.

The instant appeal arises from the District Court's grant of summary judgment in favor of State Farm Mutual Automobile Insurance Company (hereinafter State Farm) in a suit filed by State Farm seeking a declaratory judgment that it was not obligated to provide underinsured motorist benefits to Harrison. We will affirm the District Court's grant of summary judgment.

## I. Standard of Review

This Court exercises plenary review of a district court's grant of summary judgment, and applies the same standard as the district court below; summary judgment is proper where no genuine issue of material fact exists, and where, viewing the facts in the light most favorable to the party against whom summary judgment was entered, the moving party is entitled to judgment as a matter of law. *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir.2004).

## II. Discussion

As we write only for the parties, we will recite a minimum of facts. The suit arose from a car accident involving Harrison, who was operating his own motorcycle, and a third-party operating an automobile. Harrison's motorcycle was insured by Universal Underwriters. This policy did not include coverage for underinsured motorist benefits. Harrison also maintained insurance coverage on two other automobiles, which did include underinsured motorist coverage. As a result of the accident, Harrison received a tender of $50,000.00, the policy limit, from the automobile operator's insurance company. Harrison then sought underinsured motorist benefits pursuant to a policy of insurance issued by State Farm to Harrison's nephew, with whom Harrison was living at the time of the accident. Harrison's nephew's policy provided underinsured motorist benefits coverage, but also included a "household exclusion" clause:

There is no [underinsured motorist] coverage for bodily injury to an insured ... while occupying a motor vehicle owned by or leased to that insured if the vehicle is not insured for underinsured motor vehicle coverage under this policy or any other policy.

State Farm denied coverage to Harrison pursuant to the "household exclusion" contained in Harrison's nephew's policy. State Farm then filed suit, seeking a declaratory judgment that it was not obligated to provide benefits to Harrison. Both parties filed cross motions for summary judgment. The District Court granted State Farm's Motion for Summary Judgment, upholding the denial of coverage.

On appeal, Harrison argues that the District Court erred in its grant of summary judgment to State Farm, because the "household exclusion" clause "as phrased can be interpreted to mean that the cover-

age is either required to be on the policy covering the vehicle involved in the accident, or it can mean that the coverage being sought can be conferred via another policy covering other vehicles owned by the insured." (Appellant's Br. at 11.) Harrison argues that this is a genuine issue of material fact that should have precluded the District Court from granting summary judgment to State Farm.

Harrison is incorrect. In adjudicating cases under state law, this Court must apply state law as interpreted by the state's highest court. *Gares v. Willingboro Twp.*, 90 F.3d 720, 725 (3d Cir.1996). This case is therefore guided by the Supreme Court of Pennsylvania's decision in *Eichelman v. Nationwide Ins. Co.*, 551 Pa. 558, 711 A.2d 1006 (1998). In *Eichelman,* the Pennsylvania Supreme Court was faced with substantially similar facts and virtually identical issues. The court there concluded that a person who voluntarily elected not to carry underinsured motorist coverage on his own vehicle was not entitled to recover underinsured motorist benefits from separate insurance policies issued to family members with whom he resided where clear and unambiguous "household exclusion" language expressly precluded underinsured motorist coverage for bodily injury suffered while occupying a motor vehicle not insured for underinsured motorist coverage. 711 A.2d at 1010.

*Eichelman* supports the conclusion that Harrison's claim to underinsured motorist benefits under the terms of his nephew's policy is without merit. A contract is ambiguous if it is capable of more than one reasonable interpretation. *Pacitti v. Macy's,* 193 F.3d 766, 773 (3d Cir.1999) (citing *Mellon Bank, N.A. v. Aetna Bus. Credit, Inc.,* 619 F.2d 1001, 1011 (3d Cir. 1980)). Where the written terms of a contract are not ambiguous and can be interpreted only one way, the court interprets the contract as a matter of law. *Hullett v. Towers, Perrin, Forster, & Crosby, Inc.,* 38 F.3d 107, 111 (3d Cir.1994). As the Pennsylvania Supreme Court did in *Eichelman,* we find this household exclusion clause to be capable of only one reasonable interpretation, that which precludes the collection of underinsured benefits by a motorist who chose to forego purchasing underinsured motorist coverage for the specific automobile or motorcycle involved in the accident. Accordingly, the District Court was correct in resolving this case on the undisputed facts at summary judgment.

For these reasons, we will affirm the District Court.